UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NORMAN ALLEN COTY #603369, Plaintiff | CASE NO. 1:18-CV-00797; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| SHERIFF'S OFFICE RAPIDES PARISH, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Norman Allen Coty (#603369) ("Coty"). Coty is a detainee at the Rapides Parish Detention Center III ("RPDC") in Alexandria, Louisiana. Coty was granted leave to proceed *in forma pauperis*. (Doc. 8). Coty complains that Defendants failed to protect him from an attack by other inmates.

Because Coty has not alleged deliberate indifference by the Defendants, his complaint should be dismissed.

I. Background

Coty alleges he was detained at the RPDC after being arrested. Once placed in the dorm, Coty was attacked by four convicted inmates. Coty was transported to the hospital with serious injuries. Coty seeks monetary damages and a release from incarceration. (Doc. 1).

Coty was ordered to amend his petition to state the names of each person that allegedly violated Coty's constitutional rights; a description of what each Defendant did to violate Coty's rights; the place and dates that each event occurred; and a

description of the injury sustained as a result of each alleged violation. Coty was further instructed to explain how each Defendant acted with deliberate indifference and failed to protect him by providing facts indicating whether Defendants had any knowledge that Coty faced a substantial risk of harm by the particular inmates that attacked Coty.

In his amended complaint, Coty identifies the defendants as Lt. Lamone, Cpl. Eldris, and Sgt. Hudson. Coty allegedly told Defendants he "couldn't live at this jail." (Doc. 10).

## II. Law and Analysis

### A. Coty's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Coty is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Coty's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding in forma pauperis, Coty's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.      Coty does not state a failure to protect claim.**

Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. See Cupit v. Jones, 835 F.2d 82, 84–85 (5th Cir. 1987). To succeed in a § 1983 action based on "episodic acts or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants. Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc); Alderson v. Concordia Par. Corr. Facility, 848 F.3d 415, 419 (5th Cir. 2017) (subjective deliberate indifference standard applies to all failure to protect claims, regardless of whether the plaintiff is a pretrial detainee or a prisoner).

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. Id. at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. See id. A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. Id. at 837. A prison official

"knows of" an excessive risk only if: (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists; and (2) he draws the inference. Id. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. Id. at 839-40.

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." Alton v. Tex. A & M Univ., 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Alderson, 848 F.3d at 420.

The classification of inmates, including the housing of pre-trial detainees with convicted inmates, is an administrative function of the prison. The Constitution requires that the prison administration act reasonably in placing inmates within the prison. See Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981) (overruled on other grounds, Int'l Woodworkers Of America, AFL-CIO v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir. 1986). The federal courts will not interfere with this administration without a constitutional violation. Bell v. Wolfish, 441 U.S. 520 (1979).

Plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citing Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999)). This standard requires more than conclusory assertions. The plaintiff must allege specific facts giving rise to a constitutional violation. Id. (citing Baker v. Putnal, 75 F.3d 190, 194 (5th Cir. 1996)).

Despite being afforded the opportunity to amend, Coty alleges no facts indicating that Defendants had specific knowledge that Coty faced a substantial risk of harm by the inmates that attacked him. (Doc. 10). Coty does not claim that Defendants acted wantonly or recklessly. Coty has failed to allege any facts suggesting that Defendants acted with deliberate indifference.

### C. Coty cannot obtain release from custody through a § 1983 case.

In addition to monetary damages, Coty seeks a release from custody. However, a petition for writ of habeas corpus is the appropriate remedy for challenging the validity of confinement. See Heck v. Humphrey, 512 U.S. 477, 482 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). A release cannot be obtained through a civil rights suit.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Coty's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 23rd day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge